# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CRAIG SIMONSON, | CASE NO. 1:16-cv-00126-MJS (PC) |
|---|---|
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | **(ECF NO. 1)** |
| T. SINGH, et. al., | **THIRTY-DAY DEADLINE TO AMEND** |
| Defendant. | |

Plaintiff is a County Jail inmate proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. His complaint is before the Court for screening.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners and pretrial detainees seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff is currently being held at the Stanislaus County Public Safety Center in Modesto, California. His custodial status is unclear; he does not specify whether he is being held pre-trial or post-conviction. Plaintiff brings this action against Sheriff's

2

Department Deputy T. Singh and Classification Officer Wigt ("Defendants") for violating his rights under the First and Eighth Amendments of the United States Constitution.

Plaintiff's complaint is difficult to decipher.  From what the Court can tell, the facts and allegations may be summarized as follows: At some point in time, Defendant Singh threatened physical violence against Plaintiff, including a threat to shove Defendant Singh's baton "up [Plaintiff's] ass."  While Plaintiff was at the County Jail on December 25, 2015, Plaintiff received an inmate request form that included racist slurs including the words "homos hav[e] no rights."  Plaintiff alleges he was chained down without bathroom breaks for a complete shift and had no choice but to "defile" himself.  Plaintiff generally alleges a course of cruel and unusual punishment, terrorist threats, discrimination, and hate crimes while at the County Jail in or around the month of December 2015.  Although the complaint does not clearly so say, the Court proceeds on the assumption that Plaintiff attributes all this ill treatment to Defendant Singh.

Plaintiff further alleges that Defendant Wigt "singl[ed] Plaintiff out" in retaliation for Plaintiff filing a claim[1].  Plaintiff also alleges that Defendant Wigt was sexist towards Plaintiff while Plaintiff was at the Public Safety Center in January.

Plaintiff seeks injunctive relief and unspecified monetary damages.

**IV.    ANALYSIS**

    **A.    Cruel and Unusual Punishment**

Plaintiff's custodial status is unclear.[2]  However, the Court will evaluate his allegations of cruel and unusual punishment under the Eighth Amendment which protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

---

[1] Plaintiff does not indicate what claim he filed or against whom.
[2] If Plaintiff files an amended complaint, he should specify whether he is pre- or post-trial.

### 1. **Conditions of Confinement Claim**

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "Deliberate indifference describes a state of mind more blameworthy than negligence" but is satisfied by something "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 at 835.

Plaintiff alleges that Defendant Singh subjected him to inhumane conditions of confinement when Defendant Singh chained him down for an entire shift without a bathroom break, forcing Plaintiff to urinate and/or defecate on himself. However, Plaintiff's allegations do not include facts from which one could conclude that, in so acting, Defendant Singh was deliberately indifferent to a substantial risk to Plaintiff's health or safety. Farmer, 511 U.S. at 839 (holding "that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety."). Plaintiff must show that Defendant Singh was aware of, but disregarded, some substantial risk to Plaintiff's health or safety arising from the use of restraints. Plaintiff has not alleged facts to support his claim of deliberate indifference.

Moreover, Plaintiff's soiling himself during the course of one work shift,

4

presumably a period of no more than eight hours, does not necessarily constitute an excessive risk to Plaintiff's health or safety. Though undoubtedly an uncomfortable and embarrassing event, Plaintiff has not shown that it caused any adverse health consequences or that Defendant Singh had reason to believe that Plaintiff *would* suffer such consequences. The Court is also unable to view such an event as so degrading as to amount to a constitutional violation. See Chappell v. Mandeville, 706 F.3d 1052, 1061 (9th Cir. 2013) (Court did not find a constitutional violation when Plaintiff was allegedly taped into two pairs of underwear and jumpsuits, placed in a hot cell with no ventilation, chained to an iron bed, shackled at the ankles and waist, and forced to eat like a dog.).

Absent additional facts, this complaint fails to state a claim. Plaintiff will be given leave to amend. If he chooses to do so, he should specify whether he is being held pretrial or whether he already has been convicted. He also must allege facts which would support a finding that he was subjected to an objectively unreasonable and substantial deprivation of the minimal civilized measure of life's necessities and facts from which the Court could conclude that Defendant Singh was deliberately indifferent to the risks caused by these conditions. That is, he must show that Defendant Singh knowingly disregarded a substantial risk to Plaintiff's health or safety.

2. **Excessive Force Claim**

For Eighth Amendment claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de*

*minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Defendant Singh's placing of Plaintiff in restraints is not, in itself, evidence of excessive force.  Plaintiff has failed to show that Defendant Singh "applied force 'maliciously and sadistically for the very purpose of causing harm' rather than in a good-faith effort to restore discipline." Parks v. Williams, 157 Fed. Appx. 5, 6 (9th Cir. 2005) (quoting Clement v. Gomez, 298 F.3d 898, 903-04 (9th Cir. 2002).

Plaintiff also alleges that Defendant Singh threatened Plaintiff with sodomy and physical violence and added racist and homophobic slurs to a form. He also alleges that Defendant Wigt was, in some unspecified manner, sexist in his dealings with Plaintiff. Plaintiff does not allege that either Defendant acted on any of these threats or otherwise did more than use disgusting and degrading language.  While such words may indeed be hateful and hurtful, "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)).

The Court finds that Plaintiff has failed to make out cognizable Eighth Amendment Claims against Defendant Singh or Wigt on the grounds of either Conditions of Confinement or Excessive Force, and those claims are dismissed with leave to amend.

**B.    Retaliation Claim**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  Within the

prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord* Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d at 1269.

The second element focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce, 351 F.3d at 1289 (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First

7

Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Plaintiff fails to allege facts sufficient to support a First Amendment Retaliation claim. His allegations do not reflect (1) any adverse action taken against him or (2) any action taken against him because of (3) a grievance he filed or other protected activity (4) or that any such action chilled the exercising of his rights (5) without serving a legitimate penological purpose. He merely alleges that Defendant Wigt "singled [him] out" in some unspecified manner in retaliation for an undefined claim filed by Plaintiff—against whom, for what, and when, the Court does not know. Without knowing what adverse action Defendant Wigt took, the Court cannot tell whether or not it served a legitimate penological goal. Plaintiff's First Amendment retaliation claim against Defendant Wigt fails to state a claim and is therefore dismissed with leave to amend.

## V.     CONCLUSION AND ORDER

Plaintiff's complaint fails to state a cognizable claim against Defendants Singh and Wigt for cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff's complaint also fails to state a cognizable First Amendment Retaliation claim against Defendant Wigt. The Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his

amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The Court advises Plaintiff an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend;

2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint filed January 27, 2016;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal;

4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the undersigned will recommend this action be dismissed, with prejudice, for failure to state a claim and failure to obey a court order, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   March 25, 2016                          /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE