1
2
3
4
5
<u>6</u>
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CRAIG SIMONSON,

      Plaintiff,

    v.

T. SINGH, et. al.,

      Defendants.

**CASE NO. 1:16-cv-00126-LJO-MJS (PC)**

**ORDER DENYING PLAINTIFF'S MOTION FOR:**
   **(1) APPOINTMENT OF A DISTRICT JUDGE**
   **(2) APPOINTMENT OF COUNSEL**

**FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTIVE RELIEF**

**(ECF No. 6)**

**FOURTEEN DAY OBJECTION DEADLINE**

     Plaintiff is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.   Plaintiff has declined Magistrate Judge jurisdiction. (ECF No. 13) His case proceeds against Defendant T. Singh for excessive force in violation of the Eighth Amendment. (ECF No. 10.) His complaint is pending service. (ECF No. 22.)

     Plaintiff seeks a number of Court orders (ECF No. 6):

    1.  The appointment of a District Judge;

    2.  The appointment of counsel;

3. A temporary restraining order preventing retaliatory actions by Sheriff's deputies;

4. An injunction preventing the tampering with Plaintiff's legal mail; and

5. An order directing Plaintiff's transfer to a different facility.

## I.   Appointment of District Judge

Plaintiff already submitted a notice declining Magistrate Judge jurisdiction, and a District Judge has been assigned to this case. (ECF No. 14.) Therefore, Plaintiff's request for the appointment of a District Judge is denied as moot.

## II.   Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proven, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.  The Court will of course

afford Plaintiff a degree of leniency in his filings in light of the fact that he is incarcerated and proceeding pro se.  See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims filed by inmates.").

Plaintiff's request for appointment of counsel will therefore be denied.

**III.     Temporary Restraining Order**

Plaintiff seeks a restraining order against the officers named in his complaint and "others."

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

"A preliminary injunction is an extraordinary remedy never awarded as of right," Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).   "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). Alternatively, a preliminary injunction may issue where the plaintiff demonstrates the existence of serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, assuming the other two elements of the Winter test are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles,

preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits).

Here, Plaintiff has not established that he is entitled to relief. The harm he wishes to prevent (retaliatory acts) has not be shown to be real, it is speculative, and even if real, it is not shown to be  irreparable. Furthermore, Plaintiff has not shown that he is likely to succeed on the merits of this, that the balance of equities tips in his favor, or that an injunction is in the public interest. The Court will recommend denying Plaintiff's request for a temporary restraining order.

III.    **Mail Tampering and Facility Transfer**

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.    Id.    Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  Plaintiff's request for officials to stop tampering with his mail and transfer him to a different facility extend beyond the scope of relief sought in this suit.

Further, the pendency of this action does not give the Court jurisdiction over prison officials in general or over the issues raised in Plaintiff's motion. Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the

4

cognizable legal claims upon which this action is proceeding. <u>Summers</u>, 555 U.S. at 492-93; <u>Mayfield</u>, 599 F.3d at 969.

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action. This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks. The Court will recommend denying Plaintiff's requests.

## IV.    Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of a District Judge is DENIED as moot; and

2. Plaintiff's request for the appointment of counsel is DENIED.

Furthermore, IT IS HEREBY RECOMMENDED that:

3. Plaintiff's request for a temporary restraining order be DENIED; and

4. Plaintiff's request for an injunction preventing the tampering with his mail and directing his transfer to a different facility be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen** (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    __January 15, 2017__          /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28